IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NUSTAR ENERGY SERVICES, INC., | § |
| | § |
| Plaintiff, | § |
| | § |
| | § Civil Action No. _____ |
| v. | § |
| | § (ADMIRALTY) |
| GLENCORE LTD | § |
| | § |
| Defendant. | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES Plaintiff, NUSTAR ENERGY SERVICES, INC. (hereinafter "NuStar" or "Plaintiff"), and files this its Plaintiff's Original Complaint against GLENCORE LTD ("Glencore" or "Defendant") and alleges and pleads as follows:

### JURISDICTION AND VENUE

1. This action arises from breach of a maritime contract. Accordingly, it is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. § 1333.

2. Venue is proper in this court because the Agreement, NuStar's Purchasing Contract, provides for such in both the expressly incorporated Marine Provisions, see paragraph XII(B), and the General Terms and Conditions, see paragraph 19.2, both of which are fully detailed below.

### PARTIES

3. NuStar is a provider of marine bunker fuels to marine-related entities. At all times material hereto, NuStar was and still is a Delaware corporation, with its headquarters at

19003 IH-10 West, San Antonio, Texas 78257.

4.      Defendant Glencore Ltd is a Delaware corporation, doing business in Texas, with its principal office at Three Stamford Plaza, 301 Tresser Boulevard, Stamford, Connecticut, 06901. Glencore may be served by serving its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## FACTS

5.      NuStar entered into a Purchasing Contract, bearing contract number 4200061143 with Glencore on January 23, 2014, for the purchase of certain quantities of intermediate fuel oil 380 ("IFO bunker fuel")[1] for delivery in 2014. See Exhibit A.

6.      The Purchasing Contract expressly incorporates NuStar's Marine Provisions. See Exhibit B. NuStar's Marine Provisions include a forum-selection clause in paragraph XII (B) which calls for the application of general maritime law: "[v]enue for any dispute shall be the U.S. District Court for the Southern District of Texas, Houston Division." See Ex. B, p. 23.

7.      The Purchasing Contract also expressly incorporates NuStar's General Terms and Conditions for the Sale, Purchase and Exchange of Crude Oil and Refined Products. See Exhibit C. NuStar's General Terms and Conditions contain a similar forum-selection clause in paragraph 19.2, which states that: "each Party irrevocably submits to the exclusive jurisdiction of a federal court of competent jurisdiction situated in Harris County, Texas." See Ex. C, p. 17.

8.      Relevant to the matters asserted herein, Glencore delivered three quantities of IFO bunker fuel to NuStar in April and May 2014.

---

[1] NuStar purchased IFO 380 ISO 2017:2010 with a Max Sulfur 3.5%.

9. The first relevant delivery from Glencore to NuStar, trade #6449112, approximately 14,676.32 barrels of IFO bunker fuel occurred on April 23, 2014. See Exhibit D. This quantity of IFO bunker fuel was loaded at the BOSTCO terminal, from shore tank 200-10, onto barge JDRF-22.

10. The second relevant delivery from Glencore to NuStar, trade #6449112, of approximately 12,062.64 barrels of IFO bunker fuel occurred on April 26, 2014. See Exhibit E. This quantity of IFO bunker fuel was loaded at Houston Fuel Oil Terminal, from shore tank 250-8, onto barge BRYANT SEA.

11. The third and final relevant delivery from Glencore to NuStar, trade #6449113 and 6510640, of approximately 17,343.70 barrels of IFO bunker fuel occurred on May 14, 2014. See Exhibit F. This quantity of bunker fuel was loaded at Houston Fuel Oil Terminal, from shore tank 250-8, onto Kirby barge 29751.

12. Relevant to this asserted action, Glencore in turn invoiced NuStar on three separate occasions for IFO bunker fuel supplied to NuStar in Houston pursuant to the Purchasing Contract. See Ex. D, E, and F.

13. NuStar promptly paid Glencore for all three of these deliveries, and payment for all quantities of IFO bunker fuel under the Purchasing Contract is not in dispute between the parties.

14. NuStar in turn had entered into Sales Agreements with various bunkering intermediaries to deliver the Glencore-supplied IFO bunker fuel to various vessels in the Houston Ship Channel. Specifically, NuStar entered into Sales Agreements with the following six intermediaries for delivery to the identified vessels:

    a. Petro-Ocean Trading Co., Ltd for delivery of 580 metric tons of bunker fuel to vessel AGIA IRINI on or about May 14, 2014;

    b. Clipper Group AS for delivery of 500 metric tons of bunker fuel to vessel ZHE HAI 505 on or about May 16, 2014;

    c. Intercontinental Bunkering BV for delivery of 370 metric tons of bunker fuel to vessel UAL EUROPE on or about May 2, 2014;

    d. Hafina Management AS for delivery of 390 metric tons of bunker fuel to vessel HAFINA LEO on or about April 30, 2014;

    e. Monjasa Inc. for 400 metric tons of bunker fuel to vessel MINAS on or about May 14, 2014; and

    f. Praxis Energy Agents SA for 260 metric tons of bunker fuel to vessel BENORA on or about May 18, 2014.

15. Shortly thereafter NuStar began receiving notices from the aforementioned vessels, until ultimately all six vessels, the AGIA IRINI, ZHE HAI 505, UAL EUROPE, HAFINA LEO, MINAS and BENORA, placing NuStar on notice regarding IFO bunker fuel contamination claims.

16. On June 2, 10, and 26, July 18, August 8, and October 7, 2014, NuStar provided Glencore with copies of the notices and (to the extent such had been provided to NuStar by vessel interests) supporting documentation made by the six vessels asserting contamination claims regarding the Glencore-supplied IFO bunker fuel. These notices satisfied paragraph 3.4 of NuStar's General Terms and Conditions, which provides that any claim regarding product quality must be submitted to the Seller (Glencore) together with supporting documentation and reasonable details of the facts on which the claim is based within 60 days from the date of delivery. See Ex. C, p. 4.

17. By these notices, NuStar requested that Glencore provide NuStar with relevant documentation, agree to the testing and analysis of certain samples of the Glencore-supplied IFO bunker fuel, and advised Glencore that NuStar would hold Glencore responsible for the vessels' contamination claims. To date, Glencore has not provided any documentation or agreed to the

release the samples for testing and analysis, which has materially prejudiced NuStar's ability to assess and defend the claims made by the vessels.

18. Interests for two of the vessels, the AGIA IRINI and the ZHE HAI 505, continue to pursue their claims against NuStar, and interests for one vessel, the AGIA IRINI, have advised that suit will be filed in the immediate future. The respective limitations periods for the remaining vessels to file suit have not yet expired.

19. All conditions precedent have been performed or have occurred as required under the Purchasing Contract.

## CAUSE OF ACTION – BREACH OF CONTRACT

20. The allegations contained in paragraphs 1-19 are incorporated by reference herein.

21. NuStar and Glencore entered into the aforementioned Purchasing Contract whereby NuStar would purchase IFO bunker fuel, specifically IFO 380,[2] from Glencore. NuStar in turn entered into Sales Agreements with various bunker intermediaries, whose end users were the vessels the IFO bunker fuel ultimately was delivered to.

22. As detailed above, Glencore failed to adhere to the terms of the Purchasing Contract to provide IFO bunker fuel because the IFO bunker fuel supplied by Glencore was unsuitable for its intended purpose or contaminated (or both), thereby breaching the contract.

23. As a result of the IFO bunker fuel allegedly being unsuitable for its intended purpose or contaminated (or both), NuStar has received formal notice of claims from the interests for the AGIA IRINI and ZHE HAI 505.

---

[2] NuStar purchased IFO 380 ISO 2017:2010 with a Max Sulfur 3.5%.

24. As to the AGIA IRINI, their interests have submitted a claim to NuStar alleging $924,000 in damages directly related to use of the contaminated IFO bunker fuel supplied by Glencore.

25. As to the ZHE HAI 505, their interests have submitted a claim to NuStar alleging $393,000 in damages directly related to use of the contaminated IFO bunker fuel supplied by Glencore.

26. As to the remaining Vessels, NuStar reserves the right to amend this Original Complaint if, as, and when necessary.

27. As a result of Glencore's breach of contract, NuStar faces liability exposure in contract with respect to its Sales Agreements with the bunker intermediaries identified herein, and in tort from the various interests for the vessels AGIA IRINI, ZHE HAI 505, UAL EUROPE, HAFINA LEO, MINAS and BENORA.

28. Glencore is liable for all such damages incurred and to be incurred by NuStar as a result of its provision of contaminated IFO bunker fuel. Moreover, Glencore has breached its contract with NuStar by refusing to test the IFO bunker fuel samples collected at the shore tanks at the time of delivery. NuStar demands that Glenore undertake joint testing of the samples by a jointly designated independent laboratory, and holds Glencore accountable for all costs and damages, including recovery of reasonable attorney's fees and expenses.

## PRAYER

As a result of these causes of action, NuStar prays for judgment against Defendant for the following:

A. For damages alleged by the AGIA IRINI and ZHE HAI 505 of approximately $1,317,000.00 directly related to the use of contaminated IFO bunker fuel supplied by Glencore;

B. For potential damages alleged by UAL EUROPE, HAFINA LEO, MINAS and BENORA;

C. For prospective damages claims of the bunker intermediaries identified herein;

D. Attorney's fees, costs, and expenses; and

E. Pre-and post-judgment interest.

WHEREFORE PREMISES CONSIDERED, Plaintiff, NuStar Energy Services, Inc., prays that this Honorable Court, grant judgment in its behalf, together with all costs, and such other and further relief, both special and general, at law and in equity, to which it may be justly entitled.

Dated: April 23, 2015

Respectfully submitted,

_____
Keith B. Letourneau
State Bar No. 00795893
Federal Bar No. 20041
700 Louisiana, Suite 4000
Houston, Texas 77002
Telephone: (713) 228-6601
Facsimile: (713) 228-6605
Email: kletourneau@blankrome.com
*Attorney-in-charge for Plaintiff,*
*NuStar Energy Services, Inc.*

**OF COUNSEL:**
Jay T. Huffman
State Bar No. 24059980
Federal I.D. No. 870092
Email: jhuffman@blankrome.com
**BLANK ROME LLP**